UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
NOV 2 0 2025
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                                     INDICTMENT NO. 5:25-cr-145_REW_EBA

SIDNEY DONELLA BEATY

\* \* \* \* \*

THE GRAND JURY CHARGES:

## BACKGROUND

During the period relevant to this Indictment:

1. Victim 1 was born in 1935 and, at all relevant times, lived in Lexington, Fayette County, Kentucky.

2. **SIDNEY DONELLA BEATY** befriended Victim 1 sometime in or before 2021 and gained access to Victim 1's financial information.

## COUNTS 1 – 10
## 18 U.S.C. § 1343

3. The Background section of this Indictment is realleged and incorporated by reference as if set forth fully herein.

4. On or about December 29, 2021, and continuing through on or about November 30, 2023, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**SIDNEY DONELLA BEATY**

devised and intended to devise a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS

5. The manner and means used to accomplish the objectives of the scheme included, among others, the following:

6. **SIDNEY DONELLA BEATY** opened credit cards in her own name and made purchases for her own benefit, including fast food, salons, and vacations. When payments on the credit card bills were due, **BEATY** electronically transferred funds from Victim 1's Central Bank account, without Victim 1's knowledge or approval, to the credit card companies to pay the bills. When one of these credit card companies questioned **BEATY** about the use of Victim 1's bank account to pay **BEATY**'s credit card bills in May of 2022, **BEATY** reported falsely to the credit card company that Victim 1 was her grandmother.

7. In or about and after February 2022, **BEATY**, knowing that Victim 1 was suffering from dementia and was unable to make financial decisions, drove Victim 1 to the bank to withdraw cash from Victim 1's account and continued to transfer funds from Victim 1's bank account to pay for credit card bills in **BEATY**'s name.

8. From at least 2020 through 2023, **BEATY** transferred at least $120,000 from Victim 1's Central Bank account to credit card companies to pay bills in **BEATY**'s name, and in that same timeframe, received cash and checks from Victim 1 in an amount of at least $55,000.

9. On or about the dates listed below, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**SIDNEY DONELLA BEATY,**

for the purpose of executing the scheme described above, and in order to effect the objects thereof, knowingly caused to be transmitted by means of wire communication in interstate commerce the items listed below:

| Count | Date | Description |
|---|---|---|
| 1 | December 29, 2021 | $673.49 wire transfer from Victim 1's Central Bank account to Aspire Mastercard to pay an account ending in 3877 in the name of Sidney Beaty |
| 2 | March 1, 2022 | $341.64 wire transfer from Victim 1's Central Bank account to Aspire Mastercard to pay an account ending in 1124 in the name of Sidney Beaty |
| 3 | May 13, 2022 | $1432 wire transfer from Victim 1's Central Bank account to Continental Finance (Celtic Bank) to pay an account ending in 8155 in the name of Sidney Beaty |
| 4 | August 4, 2022 | $344.84 wire transfer from Victim 1's Central Bank account to First National (Legacy Visa) for an account ending in 5249 in the name of Sidney Beaty |
| 5 | November 2, 2022 | $475.55 wire transfer from Victim 1's Central bank account to Aspire Mastercard to pay an account ending in 3877 in the name of Sidney Beaty |
| 6 | January 31, 2023 | $222.65 wire transfer from Victim 1's Central Bank account to Blaze Mastercard to pay an account ending in 9312 in the name of Sidney Beaty |
| 7 | March 20, 2023 | $421.38 wire transfer from Victim 1's Central Bank account to Credit One for an account ending in 5350 in the name of Sidney Beaty |
| 8 | May 26, 2023 | $425.89 wire transfer from Victim 1's Central Bank account to Mastercard (One Main Financial) to pay an account ending in 5141 in the name of Sidney Beaty |
| 9 | September 8, 2023 | $299.49 wire transfer from Victim 1's Central Bank account to First Premier Bank to pay an account ending in 2928 in the name of Sidney Beaty |

| 10 | November 20, 2023 | $115 wire transfer from Victim 1's Central Bank account to Mastercard (One Main) for an account in the name of Sidney Beaty |

Each in violation of 18 U.S.C. § 1343.

## FORFEITURE ALLEGATION
## 18 U.S.C. § 981(a)(1)(C)
## 28 U.S.C. § 2461(c)

1.  By virtue of the offenses alleged in Counts 1-10 of the Indictment, **SIDNEY DONELLA BEATY** shall forfeit to the United States of America any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. § 1343. Any and all interest that **SIDNEY DONELLA BEATY** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.  The property to be forfeited includes, but is not limited to, the following:

**MONEY JUDGMENT:**
A forfeiture money judgment in an amount representing the gross proceeds obtained by the Defendant as a result of the violations.

3.  If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

<s>
Case: 5:25-cr-00145-REW-EBA    Doc #: 1    Filed: 11/20/25    Page: 5 of 6 - Page ID#: 5
</p></s>

A TRUE BILL

███████████████

FOREPERSON

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

## PENALTIES

**COUNTS 1-10:** Not more than 20 years imprisonment, a fine of not more than $250,000 or an amount not more than twice the gross gain or twice the gross loss, whichever is greater, and not more than 3 years supervised release.

**PLUS:** Forfeiture, as alleged.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.